THE JOHNSTON LAW FIRM
Ray A. Johnston, Attorney At Law
OBA # 4742
POB 484
Wilburton, OK 74578
(918) 448-5638

**FILED**

MAY 12 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attorney for the Plaintiff Carl Eugene Mullins:

# United States District Court
## Southern District of California

| | |
|---|---|
| **CARL EUGENE MULLINS**, <br><br> Plaintiff, <br><br> v. <br><br> THE SYCUAN BAND OF THE KUMEYAAY NATION; THE SYCUAN TRIBAL POLICE DEPARTMENT; AND <br><br> Supervisor, Joe Sandovol, Sycuan Police Department; Chief, William B. Denke; Lieutenant, Richard B. Wyllie; Sergeant, Kenneth Bell; Officer, Jerome Vasquez; Officer Joshua D. Paine, Officer, Jerry Paras, and Maureen Kerr, Human Resources Director, et al.; AND <br><br> U.S. DEPARTMENT OF INTERIOR; Assistant Secretary Indian Affairs; BIA – Office of Justice, Christopher B. Chaney, et al. <br><br> Defendant(s). | **'08 CV 0870 LAB JMA** <br><br> Civil Case No. _____ <br><br> **COMPLAINT FOR DAMAGES** <br><br> • <u>UNDER THE CIVIL RIGHTS ACTS - 42 U.S.C. SECTION 1983 et seq.</u>; <br><br> • <u>WRONGFULL TERMINATION</u>; <br><br> • <u>EMPLOYMENT DISCRIMINATION</u>; <br><br> • <u>RECKLESS ENDANGERMENT</u>; <br><br> <u>RETALIATION</u>; <br><br> • <u>DEMAND FOR JURY TRIAL.</u> |

<u>COMPLAINT FOR DAMAGES</u>

MAY IT PLEASE THE COURT, Come now **CARL EUGENE MULLINS,** enrolled member of the Cherokee Nation of Oklahoma and resident of the State of California by and through **RAY A. JOHNSTON**, Attorney – At - Law of Wilburton, Oklahoma on this 5th day of May 2008, to file his timely COMPLANT FOR DAMAGES; against defendants for willful violations of his Constitutional rights as cited hereinabove; AND after having

COMPLAINT FOR DAMAGES - 1
United States District Court Southern District of California

made copious requests AND reasonable good faith efforts to communicate and to resolve these matters with said defendants, which for the most part; PLAINTIFFS were thwarted or ignored for approximately eleven month duration; as cited hereinabove and below:

## I – JURISDICTION AND VENUE

Jurisdiction and venue is invoked pursuant to the following United States Codes, Acts, Public Law and California Statute as follows:

28 U.S.C. Section 1331; 28 U.S.C. Section 1332; 28 U.S.C. Section 1343 (a) (1) (2) (3) (4); 28 U.S.C Section 1346; 28 U.S.C Section 1360; 28 U.S.C. Section 1362; 28 U.S.C Section 1402; 28 U.S.C Section 1411; 28 USC 1861; 18 U.S.C. Section 241-242-247; 18 U.S.C. Section 1162; 25 USC Section 1301, et seq.; 42 U.S.C. Section 1981 et seq.; ADA – 1990;  42 USC Section 2000a-6; 42 USC Section 2000d (1) et seq.

## II – REQUEST THAT COURT ORDER U.S. MARSHAL EFFECT - SERVICE OF COMPLAINT AND SUMMONS

In accordance with Federal Civil Rule 4.1(c); legal counsel for the Plaintiff has made contact with the U. S. Marshal's that would be responsible for service of this summons and complaint. Counsel shall be responsible for providing the said U.S. Marshals instruction as to location and proper service of the summons and complaint for damages as captioned hereinabove. We believe that U.S. Marshal's Office located at 940 Front Street, Suite B150, San Diego, California 92101 (619) 557-6620, is applicable. Said U. S. Marshal's office has advised Counsel for the Plaintiff: "That *no fee would be charged for such; providing that this Court issued and ORDER to effect service on the defendants as cited hereinabove.*" **THEREFORE**, we respectfully request that this Court issue an ORDER to the U. S. Marshal's to make contact with Ray A. Johnston, Attorney At Law, Wilburton, Oklahoma to as to specific information and effect service of the summons and complaint.

## III – BACKGROUND FACTS

COMPLAINT FOR DAMAGES - 2
United States District Court Southern District of California

1. In October of 2006, Mr. Carl E. Mullins became an employee (Tribal Public Safety Officer) of the Sycuan Band of the Kumeyaay Nation, a tribal government located near El Cajon, California. Mullins received an hourly wage of approximately $15.00, per hour for his labors. It has been alleged that Mullins employer records indicate that he was discharged for failure to follow company policy and procedure. Subsequently, the employer further alleged that Mullins failed to take his concerns and questions to his supervisor and made the decision to follow his own procedure as he saw fit.

2. On or about the 14th or 15th day of May 2007, a two page Termination Notice was prepared by unknown staff and executed and dated by Jerome Vazquez, Supervisor, Bill Denke, Chief of Police and Tribal Police Department Director, and Maureen Kerr, Human Resources Director.

3. On May 15, 2007, Mullins was advised by Sergeant Ken Bell that he needed to go to the Sycuan Tribal Police conference room to meet with Bill Denke, Tribal Chief of Police.

4. At no time did Bell or anyone else give any explanation to Mullins as to why his presence was needed in the conference room. According to Mullins, he believed that perhaps he was going to be dispatched to deal with a problem with wildlife on the reservation or to discuss his attending the Police Officer State Training at a local facility.

5. Apparently Chief Denke must have made a decision to terminate Mullins without having made any reasonable fact finding investigation into matters pertaining to potential violations of the fourth amendment to the United States Constitution; as it pertained to his official duties as a Tribal Public Safety Officer and in accordance with the clearly established Sycuan Tribal Police Department Policies and Procedures Manual.

6. Subsequently to what is now believed to have been a spurious meeting to discharge Mullins and to effect a pretextual grounds to support this guise  Chief Denke, directed Mullins to violate a clearly unambiguous Tribal policy; AND to hand him his load weapon to be cleared within any building or facility located on the Sycuan Band of Kumeyaay Nation;

COMPLAINT FOR DAMAGES - 3
United States District Court Southern District of California

7. Mullins believing that Chief Denke was testing his reaction to violation of a clearly established public policy denied Denke's direction; stating that he must first properly clear his loaded weapon;

8. Denke continued to demand that Mullins surrender his loaded weapon; as was observed by Lieutenant Wiley and Sergeant Bell, also co-conspirators in this ploy against Mullins;

9. Subsequently, Mullins did remove his duty belt with his weapon holstered and secured, placed in on the meeting table; hence Chief Denke grabbed the duty belt, which prompted Mullins act in spontaneous fashion or effect by grabbing the other end of his duty belt or personal property;

10. Denke cried out gun, gun, gun; Wiley and Bell withdrew their load pistols; pointed the barrel at Mullins head cocked with finger on the trigger prepared to take his life;

11. Mullins and his legal counsel have acted in good faith to resolve this matter for approximated eleven month via tribal complaint process; appeal rights, due process and equal protection of tribal, state, or federal statutes.

12. We believe that sufficient credible evidence exists to support bringing these causes of action; before the United States District Court Southern District of California as cited herein below and above.

## IV – PARTIES

1. <u>Plaintiff</u>: This complaint alleges that the civil right of Plaintiff, **CARL EUGENE MULLINS**, former Sycuan Tribal Public Safety Officer, who presently resides at <u>891, Osage Street, San Diego, California 92114</u>, were violated by the actions of the below named individuals. The actions were directed against Plaintiff at various locations within the jurisdictional reservation boundaries of the Sycuan Band of The Kumeyaay Nation, situate near El Cajon, California, County of San Diego, beginning in <u>October of 2006, until May of 2007</u>, except for the wanton behavior of Tribal employees to deny Mullins due process and equal protection of Tribal policies and procedures to date.

2. <u>Defendants:</u>   Are sued in their individual and official capacities as employees of; The SYCUAN BAND OF THE KUMEYAAY NATION; and SYCUAN TRIBAL POLICE DEPARTMENT:

3.   Joe Sandovol, Supervisor of the Sycuan Police Department;

4.  Chief, William B. Denke;

5.   Lieutenant, Richard B. Wyllie;

6.  Sergeant, Kenneth  Bell;

7.  Officer, Jerome Vasquez

8.  Vasquez – Address to be provided

9.   Officer Joshua D. Paine;

10. Officer, Jerry Paras;

11. Maureen Kerr, Human Resources Director

12. U. S. /DOI – B IA-OJ; Attn: Christopher B. Chaney, Director.


<u>V- SUPPORTIVE FACTUAL INFORMATION</u>

We believe that evidence is clear that certain employees of the "Sycuan Band of Kumeyaay Nation; situate near El Cajon, California conspired to act against <u>Carl E. Mullins, Plaintiff</u>, an enrolled member of the Cherokee Nation of Oklahoma AND former Sycuan Tribal Police Safety Officer during October 2006 until May 2007, and thereafter as follows:

A.    These five identified defendants with their last known address for proper service is provided herein: "Supervisor Sycuan Tribal Police, Director of Human Services, and three Tribal Police Officers" and perhaps others to be named; did conspire to effect a designer plan with a clear purpose and intent against the plaintiff, that did damage the plaintiff and did result in the loss of  his employment, livelihood and was denied unemployment compensation benefits; simply because he refused to: a) perform Illegal acts in violation of public policy; b) in violation of protective legislation; c) and reported whistleblower activities; On May 15, 2007, an incident was provoked by three defendants reckless, untrained, unprofessional behavior in violation of tribal police policy that could have resulted in MULLINS death, but for his professional training as a peace officer; AND

B.     These same three defendants "tribal police officers" did conspire and provoke a scenario against Mullins to injure, oppress, threaten, or intimidate him; as well as is so closely related as to being the moving force causing the ultimate injury; AND

C.    That did result in plaintiffs lost of wages and consequential damages naturally flowing from the employer's conduct including pain, suffering emotional distress, and loss of reputation; AND

D.    This conspiracy was within the state of California which is a Public Law 83-280 state and did denied and violate the plaintiff free exercise or enjoyment of right and privileges secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; AND

E.    Which give rise to a legal cause of action by the plaintiff against the defendants in their individual capacity in violation of 42 USC 1983, by clear and convincing evidence that said defendants did act under the color of authority and in a malicious or oppressive way to harm the plaintiff who was attempting to advance public policies; AND

F.    Defendants did go in disguise themselves as sworn police officers on the highway, or on the premises of the Sycuan Band of Kumeyaay Nation reservation boundaries, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured; AND

G.    Did act under color of authority as sworn peace officers of the tribe and state of California; in violation of tribal, state and federal laws, statutes, ordinances, regulations, or custom, willfully subjects the plaintiff and others to what has become termed as "Tribal Police Code Y" to the deprivation of his rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, and did treat him differently with punishments, pains, or penalties, on account of his being or by reason of his color, or race; AND,

H.    We believe that it is more likely than not that plaintiff will prove by a preponderance of evidence, which is clear and convincing as to each of the following elements:
 That the defendants acted under color of law; AND

I.    These acts of the defendant's (supervisor/subordinates) deprived the plaintiff of his
 particular rights under [the laws of the state of California] [the Constitution of the state of California] [the laws of the United States] [the United States Constitution]; AND

J.    THESE defendant's directed [his] [her] subordinate[s] in the act[s] that deprived the plaintiff of these rights.]; AND

K.    These defendant's set in motion a series of acts by [his] [her] subordinates that [he] [she] knew or reasonably should have known would cause the subordinates to deprive the plaintiff of these rights.]; AND

L.    These defendants knew, or reasonably should have known, that [his] [her] subordinate[s] were engaging in these act[s] and that their conduct would deprive the plaintiff of these rights; AND

M.    The defendant failed to act to prevent [his] [her] subordinate[s] from engaging in such conduct.

## VI – FIRST CAUSE OF ACTION

[Civil Rights Violations - 42 USC 1983]

COMPLAINT FOR DAMAGES - 6
United States District Court Southern District of California

1. It is undisputed in this case that the defendant(s) Denke, Wiley, and Bell acted under the color of law in clear violation of the equal protection clause to the United States Constitution, which deprived the plaintiff of his state and federal constitutional, statutory, and violations of public police as follows:

2. Defendants did violate plaintiffs rights to due process, reasonable fact finding investigation and a fair hearing;

3. Defendants did unreasonably and unlawfully retaliate against plaintiff;

4. Defendants did create a designer guise that implemented as a pretext and did result in an Assault with a Deadly Weapon against the plaintiff;

5. Defendants did effect an Assault and Battery against plaintiff;

6. Defendants are untrained, NOT Sworn Acting Security Guards who acted in a reckless and negligent fashion in direct violation of Peace Officer School Training and the Sycuan Tribal Weapons Safety Policies and Procedure that resulted in near death to plaintiff;

7. Defendants did conspire in the conversion of plaintiffs personal property;

8. Defendants did unjustly and without good cause slander the plaintiff;

9. Defendants did publish a writing that is untrue, thus are liable to plaintiff;

10. Defendants have Intentionally infliction Emotional Distress to plaintiffs person, without any good cause;

11. Defendants have denied plaintiff access to practice his Native American Religious beliefs;

12. Defendants have denied plaintiff access to medical attention for treatment of a condition under the Americans with Disabilities Act.

13. Defendants have failed to act in good faith; and have ignored the plaintiff efforts to access his official records file; or effect a proper grievance to the above cited issues or to deny access to any other tribal administrative remedies for approximately eleven months.

SECOND CAUSE OF ACTON

[Wrongful Termination of Employment]

1. Defendants violated public policy when they: without legal authority effected and unlawful arrest, and did falsely detain and imprison the plaintiff;

2.  Defendants violated the California and U. S. Constitutional rights of the plaintiff when they: under 18 USC Sections 241; 242; 247;

3.  California courts have held that an employer's rights should be limited, because the threat of an adverse action could be used to coerce employees into committing crimes, concealing wrongdoing or other actions not in the interest of the public good.

4.  Defendants willful discriminated against plaintiff for his national origin; race, religion.

THIRD CAUSE OF ACTION

[Employment Discrimination – Disparate Impact]

1.  Defendants omissions to act in a responsible manner, which was in accordance with the Sycuan Tribal Police Departments Policies and Procedure Manuel; was the proximate cause of a disparate impact that unjustly deprived the plaintiff of medical attention and denied him an opportunity to practice his religious beliefs; AND

2.  Thus denied him unemployment compensation benefits unjustly;

3.  We find no evidence or document has been provided by the U. S. Bureau of Justice as to the Sycuan Tribal Police Officer of Safety Officers being Sworn Peace Officers or evidence of any Tribal Constitution that has been signed by the Secretary/Assistant Secretary Indian Affairs whatsoever. AND

4.  Inquiries and request made on behalf of the plaintiff to the U. S. Departments of Interior as to: 1) Sycuan Tribal Police Officers- Federal Sworn Officers; 2) Attorney fees in the amount of $60.000, in accordance with United States Code;

5.  The U. S. Department of Justice was advised of these matters, but has failed to respond whatsoever to date. A copy of this Complaint for Damages was provided.

FOURTH CAUSE OF ACTION

[Reckless Endangerment]

1.  (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or (2) with intent to disfigure another person seriously

COMPLAINT FOR DAMAGES - 8
United States District Court Southern District of California

and potential violations of 18 USC and applicable Civil Rights violations as cited herein conspired against the plaintiff.

## VIII - REQUEST FOR RELIEF

**WHEREFORE**, plaintiff request judgment against the defendants as follows:

1. For general damages in excess of $75,000.00 (pain, and suffering, emotional distress, and loss of reputation) according to proof;
2. For special damages according to proof;
3. For exemplary and/or punitive damages;
4. For back pay/wages due;
5. For front pay/wages that would have been earned;
6. Return personal property or replace if lost or damaged;
7. Any/all legal fees, related expenditures, court filing cost, service, dispositions, or subpoenas issued by the plaintiff;
8. For such other relief as the court may deem just and proper.

## IX – DEMAND FOR JURY TRIAL

Plaintiff demands a trial by Jury.

## X – CONSENT TO MAGISTRATE
## JUDGE JURISDICTION

Plaintiff requests that a district judge be designated to decide dispositive matters of law and trial by Jury determine the facts of this case.

I declare under the penalty of perjury that the foregoing is true and correct, based upon a reasonable investigation of matters.

Dated 5-5-08

THE JOHNSTON LAW FIRM
Ray A. Johnston, Attorney At Law
OBA # 4742
POB 484
Wilburton, OK 74578
(918) 448-5638

COMPLAINT FOR DAMAGES - 11
United States District Court Southern District of California

### THE UNITED STATES MARSHAL – SAN DIEGO CALIFORNIA
### CERTIFICATE OF SERVICE

LET IT BE KNOWN: The Office of the United States Marshal, 940 Front Street, Suite B150, San Diego, California 92101 (619) 557-6620; shall effect proper AND timely service of the plaintiffs Summons and Complaint for Damages, 42 USC 1983 Action; to all parties listed herein below; upon receipt of a **ORDER** from proper authority of the Federal District Court of Southern California to execute said service within 120-day from the date of filing; AND shall provided a timely proof of service to this Court, and the legal counsel FOR the plaintiff or RAY A. JOHNSTON, Attorney At Law, "Pro Hac Vice with said federal district court" POB 484, Wilburton, Oklahoma 74578:

U.S. MARSHAL'S List:

JOE SANDOVOL
5448 Dehesa Road
El Cajon, CA 92019

WILLIAM B. DENKE
43315 VIA SABINO
TEMECULA, CA. 92592

RICHARD B. WYLLIE JR.
5062 GLEN VIEW PLACE
BONITA, CA. 91902

JOSHUA D. PAINE
17720 LYONS VALLEY ROAD
JAMUL, CA. 91935

KENNETH BELL
268 FIESTA LANE
EL CAJON, CA. 92019

JEROME VASQUEZ
13655 HWY 8 PLACE #79
EL CAJON, CA. 92021

JERRY PARAS
1355 SILVER HAWK WAY
CHULA VISTA, CA. 91915

MAUREEN KERR
5459 Sycuan Road
El Cajon, CA 92019

U. S. Department of Interior
Assistant Secret of Indian Affairs, et al
1849 C Street NW
Washington D. C. 20240

Bureau of Indian Affairs
Office of Justice Services
Director, Christopher B. Chaney
1849 C Street NW, MS-4551
Washington D. C. 20240

PLAINTIFF'S List:

**Clerk of U.S. District Court**
Southern District of California
Room 4290, 880 Front Street
San Diego, CA 92101-8900

U.S. Department of Justice
**Civil Rights Division**
950 Pennsylvania Ave., NW
Complaint Adjudication Office, PHB
Washington, DC 20530

U.S. Attorney's Office
**San Diego County Office; Criminal Div -**
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893

Sycuan Band of Kumeyaay Nation
**Patricia A. Prochaska**
Attorney – At – Law
375 Cavour Street
Oakland, CA 94618-1027

COMPLAINT FOR DAMAGES - 12
United States District Court Southern District of California

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

**FILED**

MAY 1-2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

MULLINS CARL E.

**DEFENDANTS**

The Sycuan BKN eight employees

**(b)** County of Residence of First Listed Plaintiff   San Diego - CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego / Wash D.C.
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Ray A. Johnston, Attorney - POB 484, Wilburton, OK 74578

Attorneys (If Known)    '08 CV 0870 LAB JMA

Patricia A. Prochaska, 375 Cavour St. Oakland, CA 94618

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983 Action ep seq; 25 USC 1301 ep seq; 18 USC 241, 242, 247, and 42 USC 2000.

Brief description of cause:
Unsworn SBKN Tribal Police Officers and BIA - Office of Justice Services - 42 USC 1983 Action

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   in excess 75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE    05/05/2008

SIGNATURE OF ATTORNEY OF RECORD    *Ray a Johnston*    PRO HAC VICE - FEE PAID

**FOR OFFICE USE ONLY**

RECEIPT # 150904    AMOUNT $350—    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

TDS 05/15/08

JS 44 (Rev12/07) ATTACHMENT

## U.S. FEDERAL DISTRICT COURT OF

## THE SOUTHERN DISTRICT OF CALIFORNIA

Supplemental List of Defendants to Civil Cover Sheet;
Dated May 5, 2008, as follows:  Ray A. Johnston, Attorney At Law

REQUEST - U.S. MARSHAL'S Process of Service:

JOE SANDOVOL
5448 Dehesa Road
El Cajon, CA 92019

WILLIAM B. DENKE
43315 VIA SABINO
TEMECULA, CA.  92592

RICHARD B. WYLLIE JR.
5062 GLEN VIEW PLACE
BONITA, CA.  91902

JOSHUA D. PAINE
17720 LYONS VALLEY ROAD
JAMUL, CA.  91935

KENNETH BELL
268 FIESTA LANE
EL CAJON, CA.  92019

JEROME VASQUEZ
13655 HWY 8 PLACE #79
EL CAJON, CA.  92021

JERRY PARAS
1355 SILVER HAWK WAY
CHULA VISTA, CA.  91915

MAUREEN KERR
5459 Sycuan Road
El Cajon, CA 92019

U.S. DEPARTMENT OF INTERIOR
Assistant Secret of Indian Affairs, et al
1849 C Street NW
Washington D. C. 20240

BUREAU OF INDIAN AFFAIRS
Office of Justice Services
Director, **Christopher B. Chaney**
1849 C Street NW, MS-4551
Washington D. C. 20240

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 150964    — MB

## May 15, 2008
## 13:20:13

## Civ Fil Non-Pris
USAO #.: 08CV0870 CIVIL FILING
Judge..: LARRY A BURNS
Amount.:                $350.00 OC
Check#.: 574670859

# Total—>  $350.00

FROM: MULLINS CARL E VS THEY SYCUAN
      BSN EIGHT EMPLOYEES, ET AL