# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL EUGENE MULLINS,<br><br>         Plaintiff,<br>vs.<br><br>THE SYCUAN BAND OF THE KUMEYAAY NATION; et al.,<br><br>         Defendants. | CASE NO. 08cv0870-LAB (JMA)<br><br>**ORDER TO SHOW CAUSE RE: ATTORNEY ADMISSION; AND**<br><br>**ORDER DENYING REQUEST FOR ORDER REQUIRING MARSHALS' ASSISTANCE WITH SERVICE OF PROCESS** |

  On May 12, 2008, counsel for Plaintiff filed the Complaint in this action. The attorney, Ray A. Johnston, whose firm is located in Wilburton, Oklahoma, gives his Oklahoma bar number and a Post Office box in Wilburton as his firm's street address. It does not appear Mr. Johnston is admitted to the California bar or admitted to practice before this Court.

  The Civil Cover Sheet attached to the Complaint states Mr. Johnston has paid the fee for admission *pro hac vice*, but in fact it does not appear he has submitted an application for admission *pro hac vice*. *See* Civil Local Rule 83.3(c)(5) (requiring submission of a *pro hac vice* application with the fee). It appears Mr. Johnston's appearance in this case is in violation of Civil Local Rule 83.3(b) and (c)(2); and that, unless he is admitted to practice before this Court, his future representation of Plaintiff in this case would constitute an additional violation of these rules. *See* Civil Local Rule 83.3(i).

Plaintiff is therefore **ORDERED TO SHOW CAUSE** in one of the following ways why this action should not be dismissed without prejudice:

    1. Plaintiff may file a motion either to substitute in as counsel an attorney who is admitted to practice before this Court, or to proceed *in pro per*. *See* Civil Local Rule 83.3(g);

    2. Mr. Johnston may submit a properly-completed petition for admission to practice before this Court, *see* Civil Local Rule 83.3(c)(1)(b), or application for admission *pro hac vice*. *See* Civil Local Rule 83.3(c)(5). Plaintiff's counsel must also comply with the other requirements of Rule 83.3(c)(1)(b) or (c)(5), including payment of fees. Future pleadings must comply with Civil Local Rule 5.1(j)(1), including the requirement of stating the attorney's office address; or

    3. If Plaintiff believes Mr. Johnston has in fact been admitted to practice before this Court, he may file a memorandum of points and authorities no longer than three pages in length (not counting any appended or lodged material) so showing.

Except for Plaintiff's responses as permitted under 1 or 3 above, Plaintiff's counsel shall make no further filings in this case until he has been admitted to practice before this Court. Plaintiff must show cause as ordered no later than **30 calendar days from the date this order is issued**. **If he fails to do so, his complaint will be dismissed without prejudice for violation of the Civil Local Rules.** *See* Civil Local Rule 83.1(a).

The Complaint contains a request for an order requiring the U.S. Marshals' office to serve the complaint and summons. (Compl. at 2.) The Complaint further requests the Court to order the U.S. Marshals' office to contact Mr. Johnston and provide him with information regarding how service can be effected. Plaintiff is not proceeding *in forma pauperis*, so he is not entitled to have the complaint and summons served by the Marshals, *see* Fed. R. Civ. P. 4(c)(3), and he provides no other reason why his request should be granted. *See* Advisory Committee Notes to 1993 Amendment. Furthermore, this request should have been filed as a motion, and not simply included in the body of the Complaint. This request is therefore **DENIED**.

/ / /

/ / /

/ / /

Finally, any further filings shall comply with Civil Local Rule 5.1(a)'s requirements, including requirements regarding line numbering.

**IT IS SO ORDERED**.

DATED: 6-10-08

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge