# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL EUGENE MULLINS,<br><br>            Plaintiff,<br>vs.<br><br>THE SYCUAN BAND OF THE KUMEYAAY NATION; et al.,<br><br>            Defendants. | CASE NO. 08cv0870-LAB (JMA)<br><br>**ORDER OF DISMISSAL** |

On May 12, 2008, Plaintiff's claim was filed in this Court. The complaint seeks damages for what purports to be a violation of 42 U.S.C. § 1983 and California law. Plaintiff has alleged tribal employees, in the course of firing him from his job as a tribal public safety officer for the Sycuan Band of the Kumeyaay Nation, pointed their firearms at him, putting him in fear of his life. He alleges various other violations of his rights, with a lesser degree of specificity, and seeks damages.

On June 10, 2008, the Court ordered Plaintiff to show cause why this action should not be dismissed for violation of the Civil Local Rules, as provided in Civil Local Rule 83.1(a). Specifically, it appeared Ray A. Johnston, who purported to be acting as Plaintiff's attorney, was not in fact admitted to practice before this Court. The Court's order to show cause ("the "OSC") gave Plaintiff several options to avoid dismissal, but required him to act no later than 30 days from the date the order was issued — *i.e.*, July 10, 2008. Plaintiff was cautioned

1  that if he failed to show cause as ordered within the time permitted, this action would be
2  dismissed without prejudice.  Plaintiff has attempted to comply with the OSC by filing a
3  response to the OSC (the "Response"), in which he tries, but fails, to show Mr. Johnston is
4  in fact admitted to practice before this Court.

5   The OSC pointed out it appeared Mr. Johnston was not licensed to practice law in
6  California and was not admitted to practice in this Court.  It also pointed out that while he
7  may have paid the required fee for admission *pro hac vice*, he had not met two other
8  requirements, specifically, submitting the required *pro hac vice* application form.  (OSC at
9  1:22–25 (citing Civil Local Rule 83.3(c)(5)).  Nor does it appear he has designated local
10 counsel, which the application form calls for.

11  The Response simply ignores the OSC's point about Mr. Johnston's having failed to
12 submit the required application, and claims he is admitted *pro hac vice* because he paid the
13 fee and is in the process of trying to find local counsel.  (Response at 1:23–2:19.)  This
14 completely ignores the requirements of Civil Local Rule 83.3(c)(5), which requires, among
15 other things, that "The pro hac vice application shall be presented to the clerk, <u>along with</u> an
16 admission fee . . . ."  (emphasis added).  Paying a fee but refusing to complete the
17 application does not satisfy this requirement.  The application is not an empty formality, but
18 requires attorneys to designate local counsel and to provide the Court with important
19 information such as their qualifications to practice and their contact information, which Mr.
20 Johnston has never fully disclosed.  The important requirement that local counsel be
21 designated is intended, in part, to avoid situations like this one.

22  The Response also, confusingly, cites "Title 28 USC Rule 73," saying "We do not
23 dispute Civil Local Rule 83.1, but ask for clarification as to the above citation."  (Response
24 at 2:22–23.)  The Response then cites the text of "Title 28 USC Rule 73" as stating:

25  (a) Qualifications. An attorney of good moral character who has been
    admitted to practice before the Supreme Court of the United States, the
26  highest court of any state, the District of Columbia, a territory or possession,
    any United States court of appeals, or any United States district court, and
27  is in good standing therein, may be admitted to practice before this court.

28 It goes on to cite section (d) of the same rule.   Title 28 U.S.C. Rule 73 is actually Fed. R.

Civ. P. 73, pertaining to Magistrate Judges. The cited text appears to be taken from Rule 74 of the Rules of the United States Court of International Trade, which obviously has no application here.

The Response then asks for 60 days' extension in order to continue the search for local counsel. In effect, this is a request for a 60-day admission to practice *pro hac vice* even though Mr. Johnston is not prepared to meet the *pro hac vice* admission requirements.

Plaintiff declined to take the other options the OSC made available to him, such as substituting *in pro per*, pursuant to Civil Local Rule 83.3(g) — that is, appearing on his own behalf, rather than being represented by an attorney.

The Response argues it would not be fair to Plaintiff to dismiss this action, because "[o]therwise the statute of limitations might have an adverse effect on" Plaintiff's claims. This, however, is precisely the point of statutes of limitations. Statutes of limitations are intended to force plaintiffs to bring any claims they may have in a timely fashion. Plaintiffs who wait until the last possible moment to file run the risk that something will go awry, resulting in dismissal of their complaints. *See Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003) ("By waiting to the eleventh hour, [petitioner's] lawyer took a risk that something might go awry.") *Accord McIsaac v. Ford*, 193 F.Supp. 2d 382, 384 (D.Mass. 2002) ("The risk of a dismissal with prejudice is one that [plaintiff] assumed by waiting until two days before the expiration of the statute of limitations to file his Complaint and then doing nothing until the last minute to have it served."); *Steele v. United States*, 390 F. Supp. 1109, 1112 (C.D.Cal.1975) ("[T]he risk of dismissal is one which such a plaintiff assumes when a decision is made to wait until the last minute.")

It is probably cold comfort to Plaintiff, but dismissal of this action for violation of the Civil Local Rules apparently did not affect the ultimate outcome of this case, since the complaint would likely have been dismissed at a later stage for failure to state a claim. Plaintiff has brought his claim against an Indian tribe, its police department, and its law-enforcement officers under 42 U.S.C. § 1983, but has omitted one key element: they did not act "under color of state law," as is required to state a claim under that section. Rather,

taking his allegations as true, they acted under color of tribal law. "[N]o action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law." *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983). Furthermore, "Indian tribes are neither states, nor part of the federal government, nor subdivisions of either," *N.L.R.B. v. Pueblo of San Juan*, 276 F.3d 1186, 1192 (10th Cir. 2002) (en banc), and thus are not bound by the Bill of Rights or the Fourteenth Amendment. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56–57 (1978).

Rather than suing under § 1983, parties who have suffered a deprivation of civil rights violations at the hands of a tribal government or its agents may bring an action under the Indian Civil Rights Act of 1968 (ICRA), 25 U.S.C. §§ 1301–03. Plaintiff's difficulty is that the sole remedy available under the ICRA is the writ of habeas corpus, *Santa Clara*, 436 U.S. at 58–59, which he is not seeking and which would not redress his alleged injury. Unless Congress authorizes the suit or sovereign immunity has been waived, Indian tribes, tribal entities, and persons acting on tribes' behalf in an official capacity enjoy sovereign immunity against suit. *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998) (tribe); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006) (tribal entity), *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479–80 (9th Cir. 1985) (tribal officials).

What Plaintiff has alleged is an ordinary tort. He may have a cause of action under state law or tribal law, but the only claim supported by facts he has pleaded does not arise under federal law. *R. J. Williams*, 719 F.2d at 981 (explaining that tribal laws and constitutions do not "arise under" federal law). Because there is no federal claim, the Court cannot exercise supplemental jurisdiction over the state claims, *see* 28 U.S.C. § 1367, and absence of diversity jurisdiction is apparent on the face of the complaint. *See* 28 U.S.C. § 1332(a) (requiring diversity of parties).

Although Mr. Johnston could be subject to sanctions under Civil Local Rule 83.3(b), (c)(2), and (i), the Court believes this order serves as sufficient admonition to him. The

/ / /

/ / /

request for an extension of time in which to comply with requirements for admission *pro hac vice* is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED:  July 11, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge